793 F.2d 514
 Antoinette Connie ANELA, et al.
v.
CITY OF WILDWOOD, et al.
Maureen McDonnell COLE, et al.
v.
CITY OF WILDWOOD, et al.
Appeal of Antoinette Connie ANELA, Angela DiPietro, Maureen
McDonnell, Lisa Tortis Cole, Gina Bucceri and
Roxann Cox Cole.
 85-5455.
 United States Court of Appeals,
Third Circuit.
 June 19, 1986.
 
 Before ALDISERT, Chief Judge, SEITZ, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM, SLOVITER, BECKER, STAPLETON and MANSMANN, Circuit Judges, and ROSENN, Senior Circuit Judge.
 SUR PETITION FOR REHEARING
 GIBBONS, Circuit Judge.
 
 
 1
 The petition for rehearing filed by appellee, City of Wildwood, in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.
 
 
 2
 Judge HUNTER would grant petition for in banc rehearing.
 
 
 3
 ADAMS, Circuit Judge, dissenting.
 
 
 4
 I respectfully dissent from the denial of appellees' petition for rehearing. In my view, there is serious question whether the panel is correct in holding that constitutional violations occurred and in concluding that liability for those violations may be imposed upon the City of Wildwood.
 
 
 5
 The six female plaintiffs in this action were arrested on charges of violating the City's antinoise ordinance by playing their radio too loudly. They were detained in police station holding cells from the time of their arrest, around 11:15 p.m., until their hearing before a municipal judge at approximately 11:00 a.m. the following morning. A male companion arrested with them was released the same night after paying $200 bail. It is alleged that the male arrestee returned later in an attempt to obtain the release of plaintiffs, although this fact is disputed. At their hearing, plaintiffs entered guilty pleas to the charges against them, and were released.
 
 
 6
 Plaintiffs brought this action under 42 U.S.C. Sec. 1983 (1982), claiming that they had been arrested without probable cause, that they were deprived of their rights under the equal protection clause since their male companion was released, and that their confinement violated the due process clause of the fourteenth amendment. After trial before a jury, the district court granted defendants' motion for a directed verdict. It observed that plaintiffs had failed to produce any evidence that their alleged constitutional deprivations were caused by a municipal policy or custom.
 
 
 7
 The panel, in reversing the grant of a directed verdict for defendants, does not merely hold that the trial judge erred in withdrawing the case from the jury. Rather, it goes further and concludes that the record establishes as a matter of law that plaintiffs' constitutional rights were violated and that these violations were caused by the execution of a policy or custom of the City of Wildwood. I cannot agree that such a holding is warranted on the record here.
 
 
 8
 Plaintiffs were detained for approximately eleven hours before being released. The panel concludes that this period of detention violated plaintiffs' rights under the due process clause of the fourteenth amendment. However, no authority is cited for this proposition, nor is any explication provided for the theory under which the constitutional deprivation is found to have occurred.
 
 
 9
 The panel also concludes that the conditions of confinement were so harsh as to amount to punishment prior to the determination of guilt, within the meaning of Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861, 1871, 60 L.Ed.2d 447 (1979). It cites this Court's opinion in Union County Jail Inmates v. DiBuono, 713 F.2d 984 (3d Cir.1983), cert. denied, 465 U.S. 1102, 104 S.Ct. 1600, 80 L.Ed.2d 130 (1984), as support for its holding. However, while Union County did state in dictum that requiring detainees to sleep on mattresses on cell floors could constitute unconstitutional punishment under the fourteenth amendment, its observations were expressly limited to the situation in which detainees were subjected to such conditions "for more than a few days." Id. at 994. The holding in Union County was that, with the implementation of some modifications, the prison conditions present there did not violate inmates' due process rights.
 
 
 10
 As the Supreme Court stated in Bell, "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." 441 U.S. at 540, 99 S.Ct. at 1874-75. And the Court emphasized in Hutto v. Finney, 437 U.S. 678, 686, 98 S.Ct. 2565, 2571, 57 L.Ed.2d 522 (1978), that the duration of a period of confinement must be considered in determining whether imprisonment under certain conditions amounts to unconstitutional pretrial punishment. Here, plaintiffs were detained for less than one day. Further, it appears that there was conflicting evidence whether plaintiffs were forced to submit to certain of the challenged conditions, such as crowding, or whether they requested to be placed in cells with their companions. Where such relevant facts are in dispute, and in light of the fact-specific nature of the necessary inquiry under Bell and Hutto, there appears to be no justification for the conclusion that the record establishes a deprivation of due process as a matter of law.
 
 
 11
 Finally, and most importantly, I believe that the imposition of liability upon the City of Wildwood for the alleged hardships suffered by plaintiffs is based upon a misinterpretation of Monell v. New York City Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The majority opinion concludes that the City's "routine noncompliance with the controlling [New Jersey Court] Rule 3:4-1" constituted a municipal policy or custom under Monell, which is ascribable to municipal policymakers. 790 F.2d at 1067. However, whether the individual defendants' actions in detaining plaintiffs violated a state court rule is an entirely separate question from whether those actions were taken in execution of a policy deliberately adopted by a municipal decisionmaker with final authority over bail procedures. See Pembaur v. City of Cincinnati, --- U.S. ---- & n. 11, 106 S.Ct. 1292, 1299 & n. 11, 89 L.Ed.2d 452 (1986). The majority opinion points to no evidence that would support a finding that plaintiffs were detained pursuant to a policy or established custom of the City of Wildwood. Indeed, it appears that the only evidence submitted by plaintiffs on the issue whether a municipal bail policy existed was a "Cash Bail Schedule" promulgated by a state court judge. The imposition of municipal liability based upon this single document is in direct contradiction to the Supreme Court's teachings in Monell and its subsequent opinions interpreting Monell.
 
 
 12
 The Supreme Court has stated that a city may not be held liable for the unconstitutional acts of its employees under a respondeat superior theory, but rather that, in order to impose municipal liability, there must be a showing that municipal policymakers were in some way at fault. Monell, 436 U.S. at 690-95, 98 S.Ct. at 2035-38. I disagree that plaintiffs here established a violation of their constitutional rights by city employees as a matter of law. Nonetheless, even if they did, the majority's opinion holding the City of Wildwood liable for any such constitutional deprivations seems to be nothing more than the imposition of liability on a respondeat superior basis.
 
 
 13
 It is regrettable that plaintiffs experienced eleven hours of unpleasant confinement. But in a complicated society, it is not practical to construct a legal remedy for every perceived harm. And to impose the costs of remedies, in circumstances such as those here, on municipalities that already have considerable difficulty in discharging their many responsibilities seems at least questionable. For all these reasons, I would grant the petition for rehearing.
 
 
 14
 Circuit Judges WEIS and GARTH join in this statement.